Albert P. **SPIVAK** and James Paul Spivak

v.

John H. **BINGLER**, District Director of Internal Revenue.

Civ. A. No. 65–889.

United States District Court W. D. Pennsylvania.

Sept. 10, 1969.

Samuel J. Goldstein, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

DUMBAULD, District Judge.

Unfortunately this is a non-jury trial, although the issue is one of credibility and it is always more satisfactory to have such issues resolved by the traditional trier of facts at common law.

Plaintiff and his son testified, with no patent indicia of untrustworthiness, that plaintiff was suffering from a heart condition and had no knowledge of the son's frolic of his own in engaging in operation of a still in conjunction with one Paul Kusic, purportedly a lessee of the premises to manufacture pizza sauce.

In view of plaintiff's frequent visits to the premises and his business acumen we find it impossible to believe, in the light of the odor of mash and the increased bills for electricity, yeast, and other supplies commonly used in operating a still that plaintiff, like the proverbial piano-player, did not know what was going on in another part of the premises.

Finding, then, that plaintiff was properly taxable as one "interested" in a still [see 26 U.S.C. § 5005(b) (1)], we conclude that the amount of the tax was satisfactorily explained by the computation attached to defendant's brief, which we have ordered filed as part of the record. At an earlier stage of the case the Court was troubled by the apparent lack of "hard facts" upon which to predicate the amount of the assessment, but this uncertainty has now been dispelled and the amount appears to have been properly determined. Plaintiff is therefore not entitled to injunctive relief as a mere innocent bystander whose property has been seized to pay the taxes of someone else. Enochs v. Williams Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).